IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WHITE, JR,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**JUSTIN HAMMERS** )<br>Warden Western Illinois Correctional )<br>Center, )<br>)<br>**Respondent.** ) | Case No. 20-cv-365-DWD |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner Charles White, Jr., an inmate of the Illinois Department of Corrections currently incarcerated at Western Illinois Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction in Clinton County, Illinois. *People v. Charles White Jr.,* Case No. 02-CF-310 (5th Judicial District).

This case is before the Court for preliminary review of the petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

There does appear to be an issue as to exhaustion of state remedies given White acknowledges that his post-conviction petition in state court is still pending. When a

prisoner faces an inordinate and unjustified delay in attempting to exhaust his state remedies, a district court may excuse a petitioner from the usual requirement that he pursue state avenues of review before seeking federal relief. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir.1992). Based on the record, however, the Court cannot determine at this stage whether there has been an inordinate delay allowing White to proceed with his Petition. The issue of exhaustion will require further briefing.

With respect to the allegations in White's petition, inmates incarcerated as a result of a state court judgment may pursue relief from an unconstitutional sentence by filing a § 2254 petition. It is not plainly apparent that White is not entitled to habeas relief, and, without commenting on the merits of the claims presented, the Court concludes that the petition survives preliminary review.

At the time White filed this Petition, Justin Hammers was the Warden at Western Illinois Correctional Center. As Brittany Greene has now assumed the role of Warden, her name will be substituted for Justin Hammers as Respondent. *See* Rule 2(a) of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

## CONCLUSION

For the reasons stated above, Brittany Greene, Warden of Western Illinois Correctional Center, is substituted as Respondent in this action. Respondent Greene is **ORDERED** to answer or otherwise respond to the petition (Doc. 1) on or before March 1, 2021. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and Respondent informed of any change in his address during the pendency of this action. Notification of any changes of address must be made in writing and within 7 days of any transfer or other change in address. Petitioner is **WARNED** that failure to provide notice may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated:  January 29, 2021.

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
