IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WHITE, JR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 3:20-cv-365-DWD |
| | ) |
| BRITTANY GREENE, | ) |
| | ) |
|     Respondent. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are two opposing motions: Petitioner Charles White, Jr.'s motion to stay (Doc. 19) and Respondent Brittany Greene's motion to dismiss. (Doc. 20) White has responded to Greene's motion to dismiss (Doc. 27), and both motions are ripe for decision. For the following reasons, White's motion to stay is due to be denied, and Greene's motion to dismiss is due to be granted.

### I. BACKGROUND

In November 2003, White was convicted by a jury in St. Clair County, Illinois of armed violence. (Doc. 21-1 at 1–5) White appealed his conviction but it was upheld by the Fifth District Appellate Court (Doc. 21-1 at 11). Later, the Illinois Supreme Court denied his petition for leave to appeal. (Doc. 21-3 at 1) In 2006, White filed a postconviction petition in state court. (Doc. 21-5 at 50) He sought postconviction relief on the grounds that the prosecution had withheld impeachment evidence, that some of the witnesses had offered false evidence, and that his counsel had offered ineffective assistance. (Doc. 21-5 at 54–55) In August 2006, the state court appointed James Stiehl to represent White. (Doc.

21-5 at 127) Over the course of the next 13 years, deadlines and hearings in the postconviction proceedings were repeatedly continued and postponed, almost always by the request of White or both parties. (Doc. 21-5 at 128, 134–46, 156, 166–67, 173, 176–80, 186, 196, 198–200; Doc. 21-6 at 1–2, 14, 23–24, 32, 40–46, 64, 70–72, 76, 81, 90–93, 99–100, 106)

In August 2019, the court substituted Emily Scott as White's counsel. (Doc. 21-6 at 116) The matter was again continued several times. (Doc. 21-6 at 117–22) White filed his amended petition for postconviction relief on August 18, 2020. (Doc. 21-6 at 126) The court ordered the State to respond by October 2 and then granted an extension for the State to file its response by October 22. (Doc. 21-7 at 79–80) The government filed its motion to dismiss the petition on October 22. (Doc. 21-7 at 139) White filed his response to the motion on November 6. (Doc. 21-7 at 158) On March 17, 2021, the court granted the State's motion and dismissed White's petition. (Doc. 21-8 at 18)

White filed his petition pursuant to 28 U.S.C. § 2254 in this Court on April 21, 2020. (Doc. 1) As grounds for relief, White asserted that evidence was withheld in his state trial, that witnesses presented false evidence, and that his counsel offered ineffective assistance. (Doc. 1 at 8) He also acknowledged that his postconviction proceedings were still pending in state court "due to excessive inordinate delay." (Doc. 1 at 10)

## II.  LEGAL STANDARD

A state prisoner may challenge the constitutionality of his confinement in a habeas petition under § 2254, but only after having exhausted both administrative remedies and state judicial remedies. *See, e.g., McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001); *U.S. ex*

2

*rel. Johnson v. McGinnis*, 734 F.2d 1193, 1196 (7th Cir. 1984). However, a petitioner must exhaust state judicial remedies before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The exhaustion requirement means that before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) (habeas petitioner has not exhausted state court remedies if he still has the right under state law "to raise, by any available procedure, the question presented."). Under the Illinois appeals process, petitioners such as White must first fully present their claims to the state circuit court, the intermediate appellate court, and to the Illinois Supreme Court, which offers discretionary review. *Id.*

It is true that failure to exhaust state court remedies may be excused if a delay in state court proceedings renders them ineffective, 28 U.S.C. § 2254(b)(1)(B)(ii), but only when the delay is "inordinate" in length, and both "unjustifiable" and attributable to the State. *Sceifers v. Trigg*, 46 F.3d 701, 703-04 (7th Cir. 1995); *Lane v. Richards*, 957 F.2d 363,

3

365 (7th Cir. 1992); *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). The delay attributable to petitioner or petitioner's appointed postconviction counsel cannot excuse exhaustion. *Lane*, 957 F.2d at 365; *see also Sceifers*, 46 F.3d at 704 (holding that actions of public defenders and appointed counsel do not constitute state action). When a court determines that the delay is attributed to the petitioner's counsel, and not to the State, this precludes the petitioner from claiming that the State's process is ineffective. *Sceifers*, 46 F.3d at 703-04 (citing *Lane*, 957 F.2d at 365).

### III.  DISCUSSION

In his motion to stay, White requests a stay of these proceedings so that he can fully exhaust his state court remedies. (Doc. 19 at 1) Alternatively, White appears to argue that he should be excused from the exhaustion requirement because of the "inordinate delay" in his state court proceedings. (Doc. 19 at 2) However, White cannot succeed on either point.

A stay in a habeas case is only appropriate when three requirements are met: (1) the petitioner demonstrates good cause for failing to exhaust his state court remedies; (2) the unexhausted claims must not be plainly meritless; and (3) the petitioner must not have engaged in abusive litigation tactics or intentional delay. *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)). White does not refer explicitly to any basis for good cause in his motion but does refer to the "inordinate delay" in his state court proceedings. Inordinate delay can be grounds for excusal of the exhaustion requirement if the delay is also unjustifiable and attributable to the State. 28 U.S.C. § 2254(b)(1)(B)(ii). White's postconviction proceedings lasted over a

4

decade and could fairly be considered inordinate. However, the state court record shows that the repeated delays were often the result of White's counsel's efforts to investigate and gather discovery for the filing of an amended petition. Nearly all of the orders extending deadlines or continuing hearings came at the request of White's counsel or both parties together. These facts do not show that the years of delay were unjustifiable and attributable to the State. Rather, the state court record points to White's counsel as the primary cause of the delays. Therefore, White has not shown good cause for a stay or that his failure to exhaust is excusable.

## IV.  CONCLUSION

Petitioner White's motion to stay (Doc. 19) is DENIED, and Respondent Greene's motion to dismiss White's habeas corpus petition as unexhausted (Doc. 20) is GRANTED. This action is DISMISSED without prejudice to White pursuing his claims in a new action, but only after he has exhausted his state court remedies. The Clerk of Court is DIRECTED to close this case and enter judgment accordingly.

If White wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues White plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If White does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181

F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**SO ORDERED.**

Dated: July 20, 2021

_____
DAVID W. DUGAN
United States District Judge